GERTIE MINIKOWSKY *vs.* GEORGE N. BLISS.

APRIL 24, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Prohibition.   Poor Tort Debtors' Oath.*

Where defendant in an action of trespass on the case for slander, upon a writ issued out of the Superior Court, after being surrendered by his bail, had remained in jail for a period of more than six months he is entitled to petition for the benefit of the poor tort debtors' oath under the provisions of Gen. Laws, 1909, cap. 327, § 4.

*(2)   Poor Debtors' Oath.*

A defendant in an action of trespass on the case for slander, upon a writ
issued out of the Superior Court, committed to jail upon surrender by his
bail, is excluded by Gen. Laws, 1909, cap. 326, § 10, from those entitled
to take the poor debtors oath by the provisions of Sec. 1 of said chapter.

PROHIBITION.   Petition denied.

PER CURIAM.   This is a petition for a writ of prohibition
against the Justice of the District Court of the Seventh
Judicial District, to restrain him from administering the oath
for the relief of poor tort debtors to one Joseph Applebaum.

This petitioner caused a writ of arrest to be served upon
said Applebaum in an action of trespass on the case for
slander, wherein damages were laid at $3,000.   The defend-
ant was released on bail.   On October 10, 1913, he was
surrendered by his bail and committed to jail, where he has
since remained.   Upon trial in the Superior Court with a
jury a verdict was rendered, March 19, 1914, for the plaintiff
for $400.   Defendant moved for a new trial, and April 11, 1914,
said motion was heard and denied.   Upon the same day said
Applebaum applied to said George N. Bliss, Justice, as afore-
said, for the benefit of the poor debtors' oath, under Chapters
326 and 327, Gen. Laws, 1909, and said Bliss issued a citation
on said application, for a hearing on the 18th of April, 1914,
at 12 o'clock noon.   On the 17th day of April, 1914, this
petition for a writ of prohibition was filed, setting out that
said application is not within the jurisdiction of said justice
to hear and to grant said application of said Applebaum,
under Chapter 326, Gen. Laws, 1909.   Said Applebaum is
clearly excluded by the provisions of Section 10 of Chapter
326, Gen. Laws, 1909, from those entitled to take the oath
by the provisions of Section 1 of said chapter.   Section 4 of
Chapter 327, Gen. Laws, 1909, however, provides:   "When-
ever any person shall have been imprisoned for six months
upon original writ, mesne process, execution, or upon
surrender or commitment by bail in any action brought
since the twentieth day of April, one thousand eight hundred

seventy-six, on any penal statute, action of trover, replevin, trespass, trespass and ejectment or trespass quare clausum fregit, in which the title to the close is not in dispute, or other civil action in which such person is not now entitled to his discharge, upon being admitted to take the poor debtors' oath, such person so imprisoned may petition the justice of a district court in the county in which he is imprisoned, setting forth that he is detained in prison, the term of his imprisonment, the cause of his committal, and the name and residence of the person at whose suit he was committed and that he is unable to pay the judgment upon which he is committed, and to pay his prison charges: *Provided, however*, that any person who shall have been imprisoned as aforesaid upon a writ issued out of a district court or upon execution wherein the debt or damages and costs shall not exceed five hundred dollars may petition as aforesaid after ninety days of imprisonment."

On April 17, 1914, said Applebaum had been in jail upon surrender by bail since October 10, 1913, a period of more than six months. He is therefore within the provisions of said Section 4.

The petition for a writ of prohibition is denied and dismissed.

*William A. Heathman*, for petitioner
*Bellin & Bellin*, for respondent.